1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

CLINT ENGELBRETSON, individually and
on behalf of all others similarly situated,

                            Plaintiff,

v.

BAGELCODE USA, INC., a Washington
corporation; GOOGLE LLC, a Delaware
limited liability company; and GOOGLE
PAYMENT CORP., a Delaware corporation,

                            Defendants.

Case No.


**CLASS ACTION COMPLAINT**


**JURY TRIAL DEMANDED**

**NATURE OF THE ACTION**

1.      Plaintiff Clint Engelbretson ("Plaintiff" or "Engelbretson") individually and on

behalf of all others similarly situated, brings this case against Defendants, Bagelcode USA, Inc.

(developers of "Club Vegas" app), and Google LLC ("Google") and Google Payment Corp.

("Google Payment") (collectively the "Defendants") to enjoin and obtain redress for Defendants'

operation of illegal online casino games.

2.      Defendant Bagelcode USA Inc., ("Bagelcode") is a California corporation with its

CLASS ACTION COMPLAINT

- 1 -

Eric R. Draluck
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

headquarters in Redmond, Washington and is the developer, current owner, and operator of the app "Club Vegas 2021: New Slots Games & Casino bonuses" ("Club Vegas"), an online casino game offering a variety of slot machines games for consumers to play. The game design is rather straightforward: consumers use real dollars to purchase online coins that they can use to bet on online slot machines.

3.      Washington's "Recovery of Money Lost at Gambling" statute, RCW 4.24.070, provides that "all persons losing money or anything of value at or on any illegal gambling games shall have a cause of action to recover from the dealer or player winning, or from the proprietor for whose benefit such game was played or dealt, or such money or things of value won, the amount of the money or the value of the thing so lost." The Club Vegas app is an illegal gambling game because players of the game wages things of value (coins which can be purchased) and by an element of chance (*e.g.*, by spinning an online slot machine) are able to obtain additional entertainment and extend gameplay by winning additional chips.

4.      Defendant Google LLC makes the "Club Vegas" gambling casino app available to all android device users in the US via their popular platform, Google Play Store.

5.      Defendant Google Payment Corp. processes the payments for all the in-app purchases made on the "Club Vegas" android app. A portion of the in-app purchase payment is paid to the app developer Defendant Bagelcode and a portion is retained by Google Payments. Google Payments directly profits from the casino app.

6.      Each of the Defendants has violated Washington law and has unlawfully received and retained profits from tens of thousands of consumers by operating online gambling games through the "Club Vegas" app. Accordingly, Plaintiff, on behalf of himself and a Class of similarly situated individuals, brings this lawsuit to recover their losses and to obtain other appropriate relief as provided for by Washington law.

**JURISDICTION**

CLASS ACTION COMPLAINT

Eric R. Draluck
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

7.    The Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), *et seq.* because there are over 100 class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Class are aggregated. Further, none of the exceptions to CAFA applies.

8.    This Court has personal jurisdiction over Defendants because: (1) Bagelcode is headquartered in this District, (2) Bagelcode is registered in this State, (3) Defendants conduct a significant amount of business in this District, and (4) because the wrongful conduct occurred in and emanated from this District.

9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Bagelcode resides in this District, and because a substantial part of the events, acts or omissions giving rise to the claims at issue occurred in this District. Furthermore, the decisions at the heart of the allegations in this Complaint were made in and emanated from this District.

## PARTIES

10.    Plaintiff Clint Engelbretson is a natural person who resides in the state of Minnesota.

11.    Defendant Bagelcode USA, Inc., a subsidiary of South Korea based Bagelcode, Inc., is a corporation organized and existing under the laws of Washington, with its principal place of business at 8018 132nd Avenue NE, Redmond, WA 98052. Bagelcode conducts business throughout this District and the United States.

12.    Defendant Google LLC is a Delaware limited liability company with its principal place of business in Mountain View, California. Google LLC is the primary operating subsidiary of the publicly traded holding company Alphabet Inc. Google LLC does business by agent in this state, district, and division.

13.    Defendant Google Payment Corp. is a Delaware corporation with its principal place of business in Mountain View, California. It is a wholly-owned subsidiary of defendant Google

CLASS ACTION COMPLAINT

- 3 -

Eric R. Draluck
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

LLC. Google Payment Corp. provides in-app payment processing services to Android app developers and Android users, collecting a 30% commission[1] on most in-app purchases including the transactions which are the basis of this lawsuit. It does business by agent in this state, district, and division. For ease of reference, Google LLC and Google Payment Corp. will be referred to hereinafter collectively as "Google."

## FACTUAL BACKGROUND

### *The Dangers of Gambling and the Proliferation of Online Gambling*

14.     The dangers of gambling are well known. Gambling can manipulate the brain's reward system similar to how drugs or alcohol can, leading to addiction. Gambling can easily grow into a compulsive gambling addiction, which may lead to extreme financial losses.

15.     Lawmakers from various states are aware of the negative effects that come from gambling and gambling addictions and therefore have created laws to restrict and control gambling for the overall welfare of their constituents. These laws expressly define gambling as an illegal act, with many states imposing criminal penalties for organizing, conducting and facilitating gambling operations.

16.     The Washington State Legislature has clearly expressed its intent to restrict gambling in this State. The Legislature has made this intent clear in its 'Legislative declaration' (Section 9.46.010) which states:

> The public policy of the state of Washington on gambling is to keep the criminal element out of gambling and to promote the social welfare of the people by limiting the nature and scope of gambling activities and by strict regulation and control.
>
> It is hereby declared to be the policy of the legislature, recognizing the close relationship between professional gambling and organized crime, to restrain all persons from seeking profit from professional gambling activities in this state; to restrain all persons from patronizing such professional gambling activities; to

---

[1] Transaction fees for merchants (Google's payments center help). Link: https://support.google.com/paymentscenter/answer/7159343?hl=en#:~:text=The%20transaction%20fee%20for%20all,distribution%20partner%20and%20operating%20fees.

CLASS ACTION COMPLAINT

- 4 -

Eric R. Draluck
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

*safeguard the public against the evils induced by common gamblers and common gambling houses engaged in professional gambling; and at the same time, both to preserve the freedom of the press and to avoid restricting participation by individuals in activities and social pastimes, which activities and social pastimes are more for amusement rather than for profit, do not maliciously affect the public, and do not breach the peace."*[2]

17.    Due to modern technology, gambling is no longer confined to physical casinos. Companies such as Defendants have brought gambling into the home.

18.    All of the dangers of in-person gambling are also applicable to online gambling. In fact, the dangers inherent in gambling are enhanced through online gambling. Online gambling brings the casino straight to the consumer's wireless smartphone, making it available for consumption on a continuous basis. Also with the ease of in-app purchases just a click away inside the gambling apps, consumers can spend money in gambling apps without much thought or resistance. These gambling apps are a real boon for casinos as they can attract a much larger audience than the confines of their brick-and-mortar casino to consumers nationwide and around the globe at virtually no cost and with no restrictions. The look and feel of the gambling apps are also uniquely designed to mirror the feel of being located in a physical casino, with continuous noise of other players winning, a design used to keep the player playing and addicted.

19.    Many states are well aware of the increased risks inherent in online gambling and many that prohibit gambling also prohibit any and all forms of *online* gambling as well. The key terms like gambling, game of chance, and things of value are carefully defined in state statutes to include any and all online casino based gambling games, including "Club Vegas", within those prohibitions.

20.    Washington State's gambling laws impose the same prohibitions on online gaming as they do to in-person gambling. Bagelcode, via the "Club Vegas" app, offers to sell various packages of digital "coins" to consumers which the consumers then use to wager at the virtual slot machines within the app. These packages of coins range in price from $4.99 to $99.99 each (Figure

---

[2] Wash. Rev. Code § 9.46.010.

CLASS ACTION COMPLAINT

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

1) depending upon the quantity the consumer purchases.



*Figure 1*

Consumers use these coins to wager bets at the various slot machines (Figure 2) available at the "Club Vegas" app.

*Figure 2*

CLASS ACTION COMPLAINT

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

21.     Virtual casinos like Defendant should not be marketing to consumers who are located in states that prohibit gambling or operating any gambling device within those states. Google, despite having the technical capabilities to geoblock apps to block access from specific regions or states, chose instead to offer "Club Vegas" app to the Plaintiff, and other members of the class, who were residents of such states which prohibit gambling, and profit from the purchases made by them at the illegal gambling game.

22.     Google asked for the Plaintiff's 'Country' and 'ZIP code' when he added his credit/debit card for the payment method at the Google Play Store (Figure 3).



*Figure 3*

Google, despite knowing that the Plaintiff was paying and playing from within a state that prohibits gambling, allowed consumers to gamble through the app "Club Vegas" and also knowingly allowed and facilitated payments of illegal gambling games in violation of the state's gambling laws. In addition, Google allowed Bagelcode to operate an online casino knowing that Bagelcode

CLASS ACTION COMPLAINT
- 7 -

Eric R. Draluck
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

is headquartered in a a state that prohibits it.

***Bagelcode and Google***

23.    Bagelcode is one of the leading mobile based slot machine game developers. It developed and operates the "Club Vegas" app. As per the data intelligence experts for mobile app markets, Bagelcode made $2 million in revenue just from its Google Play Store purchases within one month, January 2021, with the "Club Vegas" app being the primary source of this revenue.[3]

24.    Google operates the Google Play Store where developers can list their apps on Google's platform and where consumers can download and interact with the apps.

25.    In essence, Google provides access to consumers from all over the United States to the illegal gambling game "Club Vegas", which is a virtual casino.

26.    Google facilitates all the in-app purchases made at the "Club Vegas" app. The consumers pay Google, and then Google shares a portion of the proceeds of the illegal gambling game with the developers, here Bagelcode, after deducting a 30% transaction fee.[4] Thus Google, together with Bagelcode, jointly operates the illegal gambling game "Club Vegas" for profit. Bagelcode is operating the "Club Vegas" app from within Washington state, which is a clear violation of the Washington gambling laws.

***Bagelcode's "Club Vegas" app offers slot machines and other illegal games of chance.***

27.    The "Club Vegas" app offers a variety of virtual slot machines where the consumers can place bets with virtual 'coins' to win more of the same virtual 'coins'. Slot machines are purely a game of chance where the skill of the player has no effect upon the outcome of the game. A consumer 'bets' a certain number of coins to 'spin' the slot machine. The player cannot take any action other than to press the 'spin' button. The game is a matter of chance.

---

[3] Sensortower: Bagelcode https://sensortower.com/android/publisher/bagelcode-free-slot-machine-games-developer/Bagelcode%3A%2BFree%2BSlot%2BMachine%2BGames%2BDeveloper

[4] Google payments center help. Link:https://support.google.com/paymentscenter/answer/7159343?hl=en#:~:text=The%20transaction%20fee%20for%20all,distribution%20partner%20and%20operating%20fees.

CLASS ACTION COMPLAINT

- 8 -

Eric R. Draluck
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

28.     Consumers playing at the "Club Vegas" app are wagering or betting coins at a game of chance to win more coins. The games themselves cost money to play as each spin costs a certain amount of coins. Some consumers play for free with the original allotment of coins the app provides while other consumers like the Plaintiff purchase more coins from Defendants to continue to play at these virtual slot machines.

29.     Bagelcode also offers other prohibited games of chance within the "Club Vegas" app like the spin-a-wheel style game (Figure 4).



*Figure 4*

Consumers can buy 'Daily Spin' and 'Mega Spin' via in-app purchase to purchase a chance to spin the corresponding wheel. This game is similar to the slot machine in that it is purely a game of chance.

30.     In addition, Bagelcode designed the "Club Vegas" game to lure consumers into addictive gambling behavior. The game is designed to initially give the consumer free coins to play with. Those coins are used to play slot machine type games in which the consumer gets the initial rush of winning coins. At a certain point, the consumer loses and runs out of coins, and the game

CLASS ACTION COMPLAINT

- 9 -

Eric R. Draluck
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

1  prompts the user to purchase more coins.

2      31.    The game is designed to consistently inundate the consumer with dopamine jolts

3  that keep the user hooked. The game employs these dopamine jolts through interspersing their

4  game with the sounds of winning slots (even though the consumer may only have the menu screen

5  open), music, sounds, and winning slot machine noises to keep the consumer engaged.

6      32.    Bagelcode intentionally designed its game to be addictive, leading to more sales

7  from its consumers. For instance, the game provides additional coins to consumers who spend at

8  least 20 minutes on the Club Vegas app on any given session. Thus, the game is designed to reward

9  the consumer for spending time in the app leading to the consumer spending more time within the

10  casino style game.  In addition, the game rewards consumers who play consecutively day after day

11  with free spins and coins. If a consumer has not logged in for a day, the game is designed to lure

12  the consumer back with a good deal to buy coins from BagelCode at a discounted price. All of

13  these tactics are specifically designed to make a gambling customer from an otherwise

14  entertainment seeking consumer.

15  ***Plaintiff and Other Class Members Paid and Lost Money at "Club Vegas"***

16      33.    In or around the beginning of 2019, the Plaintiff downloaded and played the "Club

17  Vegas" game. He played it for a short period of time. The Plaintiff began playing the "Club Vegas"

18  game again in November 2020.

19      34.    Within just three weeks, between Dec 14, 2020 and Jan 3, 2021, Plaintiff purchased

20  coins from Bagelcode for over $1700 to place bets and play at the various games of chance at the

21  "Club Vegas" app. Plaintiff therefore lost the sum of $1700 which the Defendants, together, won,

22  through the operation of the gambling games at the "Club Vegas" app.

23      35.    Along with the Plaintiff, other members of the Class, have also paid and lost money

24  to the Defendants.

25                      **CLASS ACTION ALLEGATIONS**

26  CLASS ACTION COMPLAINT                                    **Eric R. Draluck**

27                              - 10 -                        WSBA #19881
                                                              271 Winslow Way E., #11647

28                                                            Bainbridge Island, WA 98110
                                                              206-424-0234

36.     Plaintiff brings this action in accordance with Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and Class defined as follows:

> All persons in the United States who played at the "Club Vegas" android app developed and offered by Bagelcode on or after March 2, 2017 and lost purchased chips by wagering at Defendants' "Club Vegas".

37.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, contractors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

38.     Plaintiff anticipates the need to amend the class definition following a period of appropriate class-based discovery.

39.     **Numerosity:** The exact numbers of members within the Class are unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, tens of thousands of consumers fall into the definition of the Class. Members of the Class can be identified through Defendant's records and the records of third parties.

40.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained the same legal injuries and damages arising out of Defendant's uniform wrongful conduct. If Plaintiff has an entitlement to relief, so do the rest of the class members.

41.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Neither Plaintiff nor his counsel has any interest in conflict with or antagonistic to

CLASS ACTION COMPLAINT

- 11 -

Eric R. Draluck
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

1   those of the Class, and Defendant has no defenses unique to Plaintiff.

2       42.    **Commonality and Predominance:** There are questions of law and fact common to

3   the claims of Plaintiff and the Class, and those questions will drive the litigation and predominate

4   over any questions that may affect individual members of the Class. Common questions for the

5   Class include, but are not necessarily limited to the following:

6           (a)    Whether Defendants' online casino games are "gambling" as defined by

7                   Washington law;

8           (b)    Whether Plaintiff and each member of the Class lost money or anything of

9                   value by gambling at Defendants' online casino;

10          (c)    Whether Defendants violated the "Recovery of money lost at gambling"

11                  statute, RCW 4.24.070 or the Washington Consumer Protection Act; and

12          (d)    Whether Defendants have been unjustly enriched as a result of their conduct.

13      43.    **Conduct Similar Towards All Class Members:** By committing the acts set forth

14  in this pleading, Defendants have acted or refused to act on grounds substantially similar towards

15  all members of the Class so as to render certification of the Class for final injunctive relief and

16  corresponding declaratory relief appropriate under Rule 23(b)(2).

17      44.    **Superiority & Manageability:** This case is also appropriate for class certification

18  because class proceedings are superior to all other available methods for the fair and efficient

19  adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered

20  by the individual members of the Class will likely be relatively small, especially given the burden

21  and expense of individual prosecution of the complex litigation necessitated by Defendant's

22  actions. It would be virtually impossible for the individual members of the Class to obtain effective

23  relief from Defendant's misconduct. Even if members of the Class could sustain such individual

24  litigation, it would still not be preferable to a certified class action, because individual litigation

25  would increase the delay and expense to all parties due to the complex legal and factual

26

CLASS ACTION COMPLAINT

27                          - 12 -

Eric R. Draluck
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

28

1   controversies presented in this Complaint. By contrast, a class action presents far fewer

2   management difficulties and provides the benefits of single adjudication, economies of scale, and

3   comprehensive supervision by a single Court. Economies of time, effort and expense will be

4   fostered and uniformity of decisions ensured. Also, there are no pending governmental actions

5   against Defendant for the same conduct.

6   **FIRST CAUSE OF ACTION**
    **Violation of Revised Code of Washington § 4.24.070**

7   **(On behalf of Plaintiff and the Class)**

8      45.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

9      46.     Plaintiff, members of the Class, and Defendants are all "persons" as defined by

10   RCW § 9.46.0289.

11      47.     Washington's "Recovery of money lost at gambling" statute, RCW 4.24.070,

12   provides that "all persons losing money or anything of value at or on any illegal gambling games

13   shall have a cause of action to recover from the dealer or player winning, or from the proprietor for

14   whose benefit such game was played or dealt, or such money or things of value won, the amount of

15   the money or the value of the thing so lost."

16      48.     "Gambling," defined by RCW § 9.46.0237, "means staking or risking something of

17   value upon the outcome of a contest of chance or a future contingent event not under the person's

18   control or influence."

19      49.     Bagelcode's virtual "coins" sold to consumers to place bets on its virtual slot

20   machines are "thing[s] of value" under RCW § 9.46.0285.

21      50.     "Club Vegas" offers a collection of illegal gambling games as all the games offered

22   are pure games of chance at which players wager things of value (the coins) to stand a chance to

23   win more coins which will provide an extension to their privilege of playing at the illegal games of

24   chance without charge.

25      51.     Defendants are the proprietors for whose benefit the online gambling games are

26

27   CLASS ACTION COMPLAINT

            - 13 -

28

1    played because they own the online gambling games and operate those games for their own profit.

2        52.    Plaintiff and the Class gambled when they purchased chips to wager at Defendants'

3    online gambling games. Plaintiff and each member of the Class staked money, in the form of chips

4    purchased with money, at Defendants' games of chance (e.g., Defendants' Slot machines) for the

5    chance of winning additional things of value (e.g., chips that extend gameplay without additional

6    charge).

7        53.    In addition, Defendants' online gambling games are not "pinball machine[s] or

8    similar mechanical amusement device[s]" as contemplated by the statute because:

9        a. the games are electronic rather than mechanical;
10       b. the games confer replays but they are recorded and can be redeemed on separate
         occasions (i.e., they are not "immediate and unrecorded"); and
11       c. the games contain electronic mechanisms that vary the chance of winning free games or
         the number of free games which may be won (e.g., the games allow for different wager
12       amounts).

13       54.    RCW § 9.46.0285 states that a "'Thing of value,' as used in this chapter, means any

14   money or property, any token, object or article exchangeable for money or property, or any form of

15   credit or promise, directly or indirectly, contemplating transfer of money or property or of any

16   interest therein, or involving extension of a service, entertainment or a privilege of playing at a

17   game or scheme without charge."

18       55.    The "coins" Plaintiff and members of the Class had the chance of winning in

19   Defendants' online gambling games are "thing[s] of value" under Washington law because they

20   are credits that involve the extension of entertainment and a privilege of playing a game without

21   charge.

22       56.    Defendants' online gambling games at "Club Vegas" are "Contest[s] of chance," as

23   defined by RCW § 9.46.0225, because they are "contest[s], game[s], gaming scheme[s], or gaming

24   device[s] in which the outcome[s] depend[s] in a material degree upon an element of chance,

25   notwithstanding that skill of the contestants may also be a factor therein." Defendants' online

26
CLASS ACTION COMPLAINT                                              **Eric R. Draluck**
27                                      - 14 -                      WSBA #19881
                                                                   271 Winslow Way E., #11647
28                                                                 Bainbridge Island, WA 98110
                                                                   206-424-0234

1  gambling games are programmed to have outcomes that are determined entirely upon chance and a

2  contestant's skill does not affect the outcomes in any way.

3      57.    RCW § 9.46.0201 defines "Amusement game[s]" as games where, "The outcome

4  depends in a material degree upon the skill of the contestant," among other requirements.

5  Defendants' online gambling games are not "Amusement game[s]" because their outcomes are

6  dependent entirely upon chance and not upon the skill of the player and because the games are

7  "contest[s] of chance," as defined by RCW § 9.46.0225.

8      58.    As a direct and proximate result of Defendants' gambling game "Club Vegas",

9  Plaintiff and each member of the Class have lost money wagering at Defendants' games of chance.

10 Plaintiff, on behalf of himself and the Class, seeks an order (1) requiring Defendants to cease the

11 operation of its gambling games; and/or (2) awarding the recovery of all lost monies, interest, and

12 reasonable attorneys' fees, expenses, and costs to the extent allowable.

13     59.    RCW § 4.24.090 -states:

14     *"Validity of evidence of gambling debt: All notes, bills, bonds, mortgages, or other
       securities, or other conveyances, the consideration for which shall be money, or
15     other things of value, won by playing at any unlawful game, shall be void and of no
       effect, as between the parties thereto and all other persons, except holders in good*
16     *faith, without notice of the illegality of such contract or conveyance." RCW §
       4.24.090*
17

18     60.    There's no agreement between Bagelcode and the Plaintiff, or any other member of

19 the Class, as the players never actively accepted any terms or gave their consent to any such terms.

20 Even if Bagelcode claims to have the users' consent to any such agreement or contract or terms of

21 service, the subject matter of any such contract is for playing at unlawful gambling games. Hence

22 any such contract is void under RCW § 4.24.090.

23                            **SECOND CAUSE OF ACTION**
           **Violation of Washington Consumer Protection Act, RCW § 19.86.010 et seq.**
24                      **(On behalf of Plaintiff and the Class)**

25     61.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

26

CLASS ACTION COMPLAINT

27                                    - 15 -

28

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

1    62.    Washington's Consumer Protection Act, RCW § 19.86.010 et seq. ("CPA"),

2    protects both consumers and competitors by promoting fair competition in commercial markets for

3    goods and services.

4    63.    To achieve that goal, the CPA prohibits any person from using "unfair methods of

5    competition or unfair or deceptive acts or practices in the conduct of any trade or commerce...."

6    RCW § 19.86.020.

7    64.    The CPA states that "a claimant may establish that the act or practice is injurious to

8    the public interest because it . . . Violates a statute that contains a specific legislative declaration of

9    public interest impact."

10    65.    Defendants violated RCW § 9.46.010, et seq. which declares that:

11
12    *"The public policy of the state of Washington on gambling is to keep the criminal
      element out of gambling and to promote the social welfare of the people by limiting
      the nature and scope of gambling activities and by strict regulation and control. It
13    is hereby declared to be the policy of the legislature, recognizing the close
      relationship between professional gambling and organized crime, to restrain all
14    persons from seeking profit from professional gambling activities in this state; to
      restrain all persons from patronizing such professional gambling activities; to
15    safeguard the public against the evils induced by common gamblers and common
      gambling houses engaged in professional gambling; and at the same time, both to
16    preserve the freedom of the press and to avoid restricting participation by
      individuals in activities and social pastimes, which activities and social pastimes
17    are more for amusement rather than for profit, do not maliciously affect the public,
      and do not breach the peace."*
18

19    66.    Defendants violated RCW § 9.46.010, et seq., because Defendants' online games

20    are illegal online gambling games.

21    67.    Defendants' wrongful conduct occurred in the conduct of trade or commerce— i.e.,

22    while Defendants were engaged in the operation of making computer games available to the

23    public.

24    68.    Defendants' acts and practices were and are injurious to the public interest because

25    Defendants, in the course of their business, continuously advertised to and solicited the general

26
27    CLASS ACTION COMPLAINT
                              - 16 -
28

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

public in Washington State and throughout the United States to play their unlawful online gambling games of chance. This was part of a pattern or generalized course of conduct on the part of Defendants, and many consumers have been adversely affected by Defendants' conduct and the public is at risk.

69.     Defendants have profited from their operation of unlawful games of chance, amassing millions of dollars from the losers of their games of chance.

70.     As a result of Defendants' conduct, Plaintiff and the Class members were injured in their business or property—i.e., economic injury—in that they lost money using the virtual coins to wager on Defendants' unlawful games of chance at the "Club Vegas" app.

71.     Defendants' unfair or deceptive conduct proximately caused Plaintiff's and the Class members' injuries because, but for the challenged conduct, Plaintiff and the Class members would not have lost money wagering at or on Defendants' games of chance, and they did so as a direct, foreseeable, and planned consequence of that conduct.

72.     Plaintiff, on his own behalf and on behalf of the Class, seeks to enjoin further violation and recover actual damages and treble damages, together with the costs of suit, including reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**
**Unjust Enrichment/Disgorgement**
**(On behalf of Plaintiff and the Class)**

73.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

74.     Plaintiff and the Class have conferred a benefit upon Defendants in the form of the money Defendants received from them for the purchase of chips to wager at Defendants' online gambling games.

75.     Defendants appreciate and/or have knowledge of the benefits conferred upon them by Plaintiff and the Class.

CLASS ACTION COMPLAINT

- 17 -

Eric R. Draluck
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

76.     Under principles of equity and good conscience, Defendants should not be permitted to retain the money obtained from Plaintiff and the members of the Class, which Defendants have unjustly obtained as a result of their unlawful operation of unlawful online gambling games. As it stands, Defendants have retained millions of dollars in profits generated from their unlawful games of chance and should not be permitted to retain those ill-gotten profits.

77.     Accordingly, Plaintiff and the Class seek full disgorgement and restitution of any money Defendants have retained as a result of the unlawful and/or wrongful conduct alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, are unlawful;

C.     An injunction requiring Defendants to cease all unlawful gambling activities;

D.     Entering judgment against Defendants in the amount of the monetary losses suffered by Plaintiff and the members of the Class;

E.     An award damages to Plaintiff and the Class in an amount to be determined at trial;

F.     Awarding restitution to Plaintiff and the Class in an amount to be determined at trial, and requiring disgorgement of all benefits that Defendants unjustly received;

G.     An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

H.     Awarding pre- and post-judgment interest, to the extent allowable; and

I.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

CLASS ACTION COMPLAINT

Eric R. Draluck
WSBA #19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
206-424-0234

1      Plaintiff requests a trial by jury of all claims that can be so tried.

2    Dated: March 5, 2021                        **CLINT ENGELBRETSON**, individually and on
3                                                behalf of all others similarly situated,

4
5                                                By: s/ *Eric R. Draluck*
                                                Eric R. Draluck
6                                                WSBA No. 19881
                                                271 Winslow Way E., #11647
7                                                Bainbridge Island, WA 98110
                                                Telephone: (206) 424-0234
8                                                eric@dralucklaw.com

9                                                Steven L. Woodrow*
10                                               swoodrow@woodrowpeluso.com
                                                Patrick H. Peluso*
11                                               ppeluso@woodrowpeluso.com
                                                Woodrow & Peluso, LLC
12                                               3900 East Mexico Ave., Suite 300
                                                Denver, Colorado 80210
13                                               Telephone: (720) 213-0675
                                                Facsimile: (303) 927-0809
14
15                                               Attorneys for Plaintiff and the Class

16                                               * Pro Hac Vice Application to be filed

17

18

19

20

21

22

23

24

25

26
     CLASS ACTION COMPLAINT                                              **Eric R. Draluck**
27                                  - 19 -                               WSBA #19881
                                                                        271 Winslow Way E., #11647
28                                                                      Bainbridge Island, WA 98110
                                                                        206-424-0234